FILED
SCRANTON

APR 16 2020

PER _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Charles Harris

Plaintiff,

CASE NUMBER:

v.

UNITED STATES OF AMERICA
BUREAU OF PRISONS,

Defendants,

FEDERAL TORT CLAIMS ACT COMPLAINT FILED
PURSUANT TO 28 U.S.C. SECTIONS 1346 & 2671

I. Preliminary Statement of the Case:
PLAINTIFF Charles Harris, proceeding pro-se, hereby files this Federal-Tort-Claims-Act (F.T.C.A.) Complaint against the United States and the Bureau of Prisons (B.O.P.) pursuant to 28 U.S.C. Sections 1364 and 2671. Plaintiff Charles Harris is a D.C. prisoner incarcerated at U.S.P. Allenwood located in White Deer, Pennsylvania, where he tripped due to a one inch height differential in the sidewalk on February 22, 2019, while he walked from his housing unit to the Education's V.T. computer class. As a result of the trip, Plaintiff Charles Harris sustained a broken right foot on fifth bone and a severe pain with walking difficulty.

II. Parties to the F.T.C.A. Law Suit:
Plaintiff: Charles Harris Reg. # 14924-053, U.S.P. Allenwood, P.O. Box 3000, White Deer, PA. 17887; and Defendant: Bureau of Prisons, U.S. Department of Justice, Northeast Regional Office, 2nd & Chestnut Streets, 7th Fl, Philadelphia PA., 19106.

#1

III. Administrative Remedy:

In March 2020, Plaintiff Charles Harris filed a F.T.C.A. claim for his injury with the B.O.P. Northeast Regional Office because of the negligence of the United States through it's employees which permitted unsafe conditions in the sidewalks that led to Plaintiff's fall and resulted injuries. See (F.T.C.A. claim, Marked as Exhibit 1).

In an May 2, 2019 letter, Darrin Howard, Regional Counsel, acknowledged reciept of Plaintiff Charles Harris's administrative claim and assigned it administrative claim # TRT-NER-2019-04004. (See Howard letter, marked as Exhibit 2).

In a Nov. 1, 2019 letter, Darrin Howard, Regional Counsel, denied Plaintiff Charles Harris administrative claim and advised him if he was dissatisfied with the decision that Plaintiff Charles Harris could file a civil complaint in the federal district court on or before six months from the date of the adverse decision. (See Howard Letter, marked as Exhibit 3).

IV. Standard of Review:

To succeed in a negligence action, a plaintiff must prove all of the following elements: (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) a causal connection between the resulting injury suffered by the plaintiff; and (4) actual loss suffered by the plaintiff. In addition, a plaintiff must prove that the defendant owed a duty to plaintiff to protect him from foreseeable harm. The defendant is subject to liability if he knows or by the exercise of reasonable care would have discovered the condition, and should realize that it involves an unreasonable risk of harm to the plaintiff, and should expect that the plaintiff will not discover or realize the danger, or

#2

will fail to protect himself against it; and fails to exercise reasonable care to protect plaintiff against the danger. (See Harris v. Bureau of Prisons, 2017 U.S. Dist Lexis 101908 WD PA).

II. Facts:
A. The Basis of Claim:

Charles Harris, an inmate, is incarcerated at U.S.P. Allenwood in White Deer, Pennsylvania. On Friday, February 22, 2019, during the 12:30 work call movement, he departed from unit 3B and walked towards the education department. On the main sidewalk in the vicinity of Unit 2, he tripped over a 1 inch elevation in the sidewalk and twisted his right foot/ankle. Inmate William Hudgens Reg. # 61000-66 showed concern when he tripped/stumbled on a hazardous elevated portion of the walkway that had settled at least one inch making the other part higher in elevation.

Over the weekend pain and swelling became worst. On Monday February 25, 2019 Plaintiffs Harris went to sick call where PA Holtzapple informationed him that he would be seeing his foot Doctor soon. Plaintiff Harris went back to his unit only to be told upon entry to report to R&D. Plaintiff was unaware of the apointment at a community based hospital, on a follow up apointment with Doctor Nolan. PA Holtzapple sent an order to x-ray his right foot. Ex-ray revealed a fracture in right foot.

A foot and leg cast was placed on Plaintiff. The break on Plaintiff. The break was so severe that Doctor Nolan ordered Plaintiff not to apply pressure on it, consequently confining him to a wheel chair for mobility and an assigned pusher. Since his injury, Plaintiff has had several follow up apointments with surgeon. The healing process was very slow and intensivly painful.*

\* The Podiatrist Dr. Nolan who treated Plaintiff, advised him that the healing would be slow.

#3

Once the cast was removed, Plaintiff was transferred from a cast and wheel chair to a medical walking boot. Each time I pass the area where the injury occured, I find myself warning others of the danger.

B. The Basis of the Negligence:

U.S.P. Allenwood was built approximately a quarter of a century ago. Over the years, sidewalks have settled which leave areas of hieght differentials including areas of uneven downgrade and walkways. These uneven and downgraded and upgraded sidewalks create daily risk for both prisoners and prison staff who use them daily to access other areas of the prison facility.

The Defendant B.O.P. had notice of the dangerous condition beforehand, because prior to Plaintiff Harris's tripping in which he sustained serious injuries, other prisoners and staff members had also been injured by falling/tripping/stumbling in the same location. **

Thus, Defendant B.O.P. notice of the dangerous condition, because of the above mentioned incidents of reported injury, is sufficient to give rise to a duty to act in such a manner as to provide safe passage on the walkways for Plaintiff and everyone else. As direct consequence of the B.O.P.'s failure to act and replace the dangerous sidewalk, Defendant B.O.P. breached that duty owed to Plaintiff.

---

** The discovery process will produce documents that supports this location in the sidewalk at U.S.P. Allenwood has continously caused other individuals fall, trip, or stumble and medical attention whether minor or major.

#4

The one inch (1) height differential in the sidewalk is a casual connection between the breach and the resulting injury suffered by the Plaintiff. Had Defendant B.O.P. replaced the sidewalk, Plaintiff would have not tripped/stumbled and sustained injuries.

As a result, Plaintiff has suffered the actual loss of full movement in his foot and not allowed to walk without chronic pain and gait.

Defendant B.O.P. has a duty to protect Plaintiff from foreseeable harm. The condition, including other hazardous conditions, are well known by the Defendant and the prison staff who daily walks the side walks at U.S.P. Allenwood. As a result, the foreseeability of Plaintiff Harris's tripping/stumbling and injuring himself is a no brainer and failure to act subjects Defendant to liability.

In the summer time of 2016 and 2017 Defendant replaced a good portion of the sidewalk near Nine Tower which sidewalks gives accessibility to Corridor One. These risky portions of the sidewalk were in the same condition as the location where Plaintiff Harris stumbled and injured himself.

II. Damages:
Plaintiff Charles Harris seeks a monetary award in the amount of $1,000,000.00 and an additional award of $1,000,000.00 for the loss of enjoyment of life.

Signed on this 12th day of April, 2020, under penalty of perjury.

#5

Respectfully submitted,

*[signature]*

Charles Harris
Res. # 14924-083
U.S.P. Allenwood
P.O. Box 3000
White Deer, PA. 17887

#6

Exhibit 1  3 Pages

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO. 1105-0008

**1. Submit to Appropriate Federal Agency:**
Northeast Regional office BOP

**2. Name, address of claimant, and claimant's personal representative if any.** (See instructions on reverse). Number, Street, City, State and Zip code.
Charles Harris #14924-083
USP Allenwood Box 3000
White Deer PA 17887

**3. TYPE OF EMPLOYMENT** ☐ MILITARY ☐ CIVILIAN
**4. DATE OF BIRTH:** 8-6-65
**5. MARITAL STATUS:**
**6. DATE AND DAY OF ACCIDENT:** 2/22/19
**7. TIME (A.M. or P.M.):** P.M.

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

See additional page

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Broken Right Foot

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| William Hudgins #61000-066 | USP Allenwood Box 3000 White Deer PA 17887 |
| PA Holt Apple & Surgeon | USP Allenwood Box 3500 White Deer PA 17887 |

**12.** (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| | | | |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

**13a. SIGNATURE OF CLAIMANT** (See instructions on reverse side).
/s/ Harris
**13b. PHONE NUMBER OF PERSON SIGNING FORM**
**14. DATE OF SIGNATURE:** 4-29-19

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001). |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

ADDITIONAL PAGE FOR CLAIM

Basis of claim:
I CHARLES HARRIS, REG.# 14924-083 AM AN INMATE WHO IS CURRENTLY DESIGNATED AT USP ALLENWOOD IN WHITE DEER, PENNSYLVANIA.

ON FRIDAY FEBRUARY 22, 2019 WHILE I WALKED ON THE MAIN SIDEWALK IN FRONT OF UNIT 2A, I STUMBLED AND TWISTED MY RIGHT ANKLE. I THEN NOTICED THAT THE SIDEWALK WHERE I TRIPPED HAD APPROXIMATELY A ONE-INCH DIFFERENTIAL.

WILLIAM HUDGINS, A fellow PRISONER, REG.# 61000-066, WHO WAS WALKING IN VERY CLOSE PROXIMITY, WITNESSED ME STUMBLE AND ASKED ME IF I WAS OKAY. I STATED THAT I TWISTED MY ANKLE.

ON FEBRUARY 25, 2019 I REPORTED TO HEALTH SERVICES. I HAD AN OUTSIDE APPOINTMENT WITH AN ORTHOPEDIC SURGEON. THE PRISON PHYSICIAN ASSISTANT HOLTAPPLE ORDERED THAT AN X-RAY BE TAKEN OF MY INJURED RIGHT FOOT. THE X-RAY SHOWED A BONE IN MY RIGHT FOOT WAS BROKEN. THE BONE, I BELIEVE WAS RESET AND A HARD CAST WAS PLACED ON MY FOOT AND LEG. THE BREAK WAS SO SEVERE THAT THE DOCTOR ORDERED THAT I SHOULD NOT APPLY ANY PRESSURE TO IT, AND I HAVE BEEN SINCE CONFINED TO A WHEEL-CHAIR. I AM SCHEDULED FOR A FOLLOW-UP EVALUATION. ALTHOUGH I AM EXPERIENCING ALOT OF PAIN IN MY RIGHT FOOT, I HAVE NOT BEEN PRESCRIBED ANY PAIN MANAGEMENT MEDICATION.

AT USP ALLENWOOD THE SIDEWALKS HAVE PLENTY OF AREAS WITH HEIGHT DIFFERENTIALS INCLUDING INCLUDING UPGRADE AND DOWNGRADE AREAS WHICH AT ONE TIME WERE LEVEL SIDEWALKS

2 of 3

THESE HAZARDOUS SIDEWALKS ARE USED SEVERAL TIMES OR MORE PER DAY BY BOTH STAFF AND INMATES. THERE IS A HISTORY OF BOTH STAFF AND INMATES FALLING AND SUSTAINING INJURIES BECAUSE OF THESE HAZARDOUS CONDITIONS. SINCE I SUSTAINED MY INJURY, I MAKE SURE TO ALERT EVERYONE POSSIBLE OF THESE DANGEROUS AREAS.

SIGNED THIS 29TH DAY OF APRIL, 2019

*[signature]*

CHARLES HARRIS REG# 14924-083

2 of 3

Exhibit 2



**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

U.S. Custom House
2nd & Chestnut Streets - 7th Floor
Philadelphia, PA. 19106

May 6, 2019

Charles Harris, Reg. No. 14924-083
USP Allenwood
P.O. Box 3000
White Deer, PA   17887

Re:  Administrative Claim **Received May 2, 2019**
     Claim No. TRT-NER-2019-04004

Dear Mr. Harris:

   This will acknowledge receipt of your administrative claim for an alleged personal injury suffered at USP Allenwood.

   Under the provisions of the applicable federal statutes, we have **six months from the date of receipt** to review, consider, and adjudicate your claim.

   All correspondence regarding this claim should be addressed to Federal Bureau of Prisons, Northeast Regional Office, Room 701, U.S. Custom House, 2nd & Chestnut Street, Philadelphia, Pennsylvania 19106.  If the circumstances surrounding this claim change in any fashion, you should contact this office immediately.  Also, should your address change, you should contact this office in writing accordingly.

                              Sincerely,

                              Darrin Howard
                              Regional Counsel



*Exhibit 3* (handwritten)

**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

*Via Certified and Return Receipt Mail*

U.S. Custom House-7th Floor
2nd & Chestnut Streets
Philadelphia, PA 19106

November 1, 2019

Mr. Charles Harris, Reg. No. 14924-083
USP Allenwood
P.O. Box 3000
White Deer, PA  17887

RE:  Administrative Claim No. TRT-NER-2019-04004

Dear Mr. Harris:

Administrative Claim No. TRT-NER-2019-04004, properly received on May 2, 2019, has been considered for settlement as provided by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2672, under authority delegated to me by 28 C.F.R. § 543.30. Damages are sought in the amount of $1,000,000.00 based on a personal injury claim. Specifically, you allege on February 22, 2019, you tripped on an uneven sidewalk at USP Allenwood. You state you suffered a broken foot and pain medication has not been provided.

An investigation reveals on February 25, 2019, you were evaluated during a scheduled outside Podiatrist consultation. During the consultation, it was discovered you suffered a new fracture to your right foot. You were placed in a cast, and returned to the institution with instructions on follow-up care. Upon your return to the institution, you were evaluated in Health Services. You informed staff that on February 22, 2019, you twisted your foot, which caused the new fracture. There is no evidence that your sought medical attention in Health Services for the alleged accident. You continued to be evaluated for follow-up care to your fractured foot, including being prescribed Acetaminophen (Tylenol) for pain. Once staff became aware of concerns with the concrete, repairs were made. The Bureau of Prisons has continued to provide you with medical care that is consistent with community standards and Bureau of Prisons policies. There is no evidence you experienced a compensable loss as the result of negligence on the part of any Bureau of Prisons employee. Accordingly, your claim is denied.

If you are dissatisfied with this decision, you may bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this letter.

Sincerely,

Darrin Howard
Regional Counsel

cc:  H. Quay, Warden, USP Allenwood



Charles Harris
11524-083
Po Box 3000
White Deer, PA
17887

Clerk Of Middle
District of Pennsylvania Court
W.J. Nealon Fed. Bldg.
And US CourtHouse
235 N. Washington AVE
Po Box 1148
Scranton, PA 18501

Mailed From US Penitentiary

Legal