IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES HARRIS, | : | Civil No. 3:20-cv-631 |
| Plaintiff | : | |
| v. | : | (Judge Mariani) |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| Defendants | : | |

**MEMORANDUM**

Plaintiff Charles Harris ("Harris"), an inmate confined at the United States Penitentiary, Allenwood, in White Deer, Pennsylvania ("USP-Allenwood"), initiated this action pursuant to the Federal Tort Claims Act ("FTCA"). (Doc. 1). Named as Defendants are the United States and the Federal Bureau of Prisons ("BOP").[1] (*Id.*). Presently pending before the Court is the United States' motion for judgment on the pleadings. (Doc. 16). For the reasons set forth below, the Court will grant the motion.

I.  **Factual Background & Procedural History**

Harris alleges that on February 22, 2019, he tripped on a raised area of the main sidewalk at USP-Allenwood when he was walking from his housing unit to a computer class

---

[1] The only proper party to a claim under the FTCA is the United States. *See CNA v. United States*, 535 F.3d 132, 138 n. 2 (3d Cir. 2008) ("The Government is the only proper defendant in a case brought under the FTCA."). Thus, the Court will dismiss the Federal Bureau of Prisons as a Defendant in this action.

in the education department.  (Doc. 1, pp. 1, 3).  When he fell, Harris allegedly twisted his right foot/ankle.  (*Id.* at p. 3).  Harris asserts that another inmate saw him fall.  (*Id.*).

On February 25, 2019, Harris presented to sick call and was informed that he would be treated by a foot doctor outside of the prison.  (*Id.*).  Harris underwent an x-ray which revealed a fracture in his right foot.  (*Id.*).  His leg and foot were placed in a cast and he used a wheelchair during the recovery process.  (*Id.*).  After the cast was removed, Harris' foot was placed in a walking boot.  (*Id.* at p. 4).  As a result of the fall, Harris asserts that he has chronic pain and lost full movement of his foot.  (*Id.* at p. 5).

Harris contends that USP-Allenwood was built approximately a quarter century ago, with numerous uneven areas in the sidewalks that have developed over time.  (*Id.* at pp. 4, 8).  He alleges that these uneven areas create a risk for staff members and inmates, who walk on the sidewalks every day.  (*Id.* at pp. 4, 5, 9).  Because prison staff members use the sidewalks on a daily basis, Harris contends that they are familiar with the condition of the sidewalks and the particular defect over which Harris claims he tripped.  (*Id.* at p. 5).  Harris alleges that the BOP "had notice of the dangerous condition" before the date of his incident, because other prisoners and staff members previously fell, tripped, or stumbled in the same location.  (*Id.* at p. 4).

The United States moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  (Doc. 16).  The motion is fully briefed and ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion." *Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017). To succeed on a motion for judgment on the pleadings, a movant must show "there are no material issues of fact, and he is entitled to judgment as a matter of law." *Id.* (quoting *Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 220 (3d Cir. 2005) (citing *Soc'y Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980)). When deciding a motion for judgment on the pleadings, a court must accept the non-moving party's factual allegations as true and draw all reasonable inferences in the non-moving party's favor. *Id.* at 418. Additionally, when ruling on motion for judgment on the pleadings, the court reviews the complaint, answer, and any written instruments and exhibits attached to the pleadings. *2 Moore's Fed. Practice Civil* § 12.38 (2004).

## III. Discussion

The Federal Tort Claims Act provides that "the United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The

substantive state law where the tortious conduct occurs, in this instance, Pennsylvania, governs a FTCA claim. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004).

Under Pennsylvania law, to establish a cause of action for negligence, the plaintiff must prove the following elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and, (4) actual damages. *See Northwestern Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 139 (3d Cir. 2005) (citing *In re TMI*, 67 F.3d 1103, 1117 (3d Cir. 1995)); *see also Farabaugh v. Pa. Turnpike Comm'n*, 911 A.2d 1264, 1272-73 (Pa. 2006). "The standard of care a possessor of land owes to one who enters upon the land depends upon whether the person entering is a trespass[e]r, licensee, or invite." *Carrender v. Fitterer*, 503 Pa. 178, 469 A.2d 120, 123 (Pa. 1983). Under Pennsylvania law, inmates are treated as invitees. *Wilkerson v. United States*, Civil No. 4:07-CV-2228, 2010 WL 1462542, *5 (M.D. Pa. Apr. 9, 2010). With respect to conditions on the land which are known to or discoverable by the possessor, the possessor is subject to liability only if he:

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

*Carrender*, 469 A.2d at 123 (quoting Restatement (Second) of Torts § 343). If "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the

4

position of the visitor, exercising normal perception, intelligence, and judgment," then under Pennsylvania law there is no liability. *Id.* Further, "the law of Pennsylvania does not impose liability if it is reasonable for the possessor to believe that the dangerous condition would be obvious to and discovered by his invitee." *Atkins v. Urban Redev. Auth. of Pittsburgh*, 489 Pa. 344, 414 A.2d 100, 104 (Pa. 1980) (quoting *Palenscar v. Michael J. Bobb, Inc.*, 439 Pa. 101, 266 A.2d 478, 480 (Pa. 1970)).

In the instant action, the United States argues that the condition of the sidewalk was a known and obvious danger and, therefore, not a breach of the government's duty. This Court agrees.

"A danger is deemed to be 'obvious' when 'both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment.'" *Carrender*, 469 A.2d at 123 (quoting Restatement § 343A cmt. b). "For a danger to be 'known,' it must 'not only be known to exist, but . . . also be recognized that it is dangerous and the probability and gravity of the threatened harm must be appreciated.'" *Id.* at 124 (quoting Restatement § 343A cmt. b). Generally, "[t]he location of the accident is the most relevant consideration, because no duty exists if the invitee knows: (1) the actual conditions; (2) the activities carried on; and (3) the dangers involved in either." *Campisi v. Acme Markets, Inc.*, 915 A.2d 117, 120-21 (Pa. Super. Ct. 2006) (citing Restatement § 343A cmt. e[2]).

---

[2] Comment (e) states:

5

"It is hornbook law in Pennsylvania that a person must look where he is going." *Graham v. Moran Foods, Inc.*, No. 11-239, 2012 WL 1808952, at *4 (E.D. Pa. May 18, 2012) (quoting *Villano v. Sec. Sav. Ass'n*, 407 A.2d 440, 441 (Pa. Super. Ct. 1979)); *see also Rogers v. Max Azen, Inc.*, 16 A.2d 529, 529 (Pa. 1940) ("[W]here one is injured as the result of a failure on his part to observe and avoid an obvious condition which ordinary care for his own safety would have disclosed, he will not be heard to complain.").

Here, Harris' own allegations reveal that the condition of the sidewalk was obvious to a reasonably attentive invitee, and that Harris was aware of the sidewalk condition and appreciated the risks of traversing it. He alleges that prison staff and inmates use the sidewalks daily and the uneven condition of the sidewalk is common knowledge at USP-Allenwood. He further alleges that, prior to his fall, other inmates and prison staff members fell, tripped, and stumbled in the same area on the main sidewalk. Thus, Harris acknowledges that he knew the condition of the main sidewalk because he walked on it every day and because of prior incidents on the sidewalk. (Doc. 1, pp. 3-5, 8, 9; Doc. 20,

---

> In the ordinary case, an invitee who enters land is entitled to nothing more than knowledge of the conditions and dangers he will encounter if he comes. If he knows the actual conditions, and the activities carried on, and the dangers involved in either, he is free to make an intelligent choice as to whether the advantage to be gained is sufficient to justify him in incurring the risk by entering or remaining on the land. The possessor of the land may reasonably assume that he will protect himself by the exercise of ordinary care, or that he will voluntarily assume the risk of harm if he does not succeed in doing so. Reasonable care on the part of the possessor therefore does not ordinarily require precautions, or even warning, against dangers which are known to the visitor, or so obvious to him that he may be expected to discover them.

Restatement (Second) of Torts § 343A cmt. e.

pp. 4, 6; Doc. 22, p. 2). Because Harris, as the invitee, knew the actual condition of the sidewalk, the activities carried on, and the potential dangers, he failed to trigger a duty on the part of the United States. Consequently, the United States is entitled to judgment on the pleadings.

**IV.** <u>**Conclusion**</u>

Based on the foregoing, the Court will grant the United States' motion (Doc. 16) for judgment on the pleadings.

A separate Order shall issue.


                                                s/ *Robert D. Mariani*
                                                Robert D. Mariani
                                                United States District Judge

Dated: July 15, 2021